IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| EUGENE EDGE, JR, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:15-CV-59 (LJA) |
| CITY OF AMERICUS, SEARGEANT MICHAEL COBB, Individually and in his Official Capacity, OFFICER HARRY CHARLES BROOKS, Individually and in his Official Capacity, | : |
| Defendants. | : |

## ORDER

Before the Court is Plaintiff Eugene Edge, Jr.'s Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).   For the following reasons, the Court **GRANTS** Plaintiff's Motion (Doc. 2) but **DISMISSES** Plaintiff's Complaint (Doc. 1) against all Defendants pursuant to 28 U.S.C. § 1915(e)(2).

## DISCUSSION

Courts follow a well-established two-step procedure when processing a case filed *in forma pauperis* pursuant to 28 U.S.C. § 1915.   *Cotton v. Georgia*, No. 5:07-cv-159 (HL), 2007 WL 1810231, at *1 (M.D. Ga. June 21, 2007).   "Initially, the district court must determine whether the plaintiff is unable to prepay costs and fees and is therefore a pauper under the statute." *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).   "Only after making a finding of poverty and docketing the case can the court proceed to the next question: whether the claim asserted is frivolous or malicious."   *Id.*

### I.   Plaintiff's Financial Status

Pursuant to 28 U.S.C. § 1915(a), the Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without prepayment of fees or security therefor, by a person

who submits an affidavit that includes a statement of all assets such [litigant] possesses that the person is unable to pay such fees or give security therefor."[1] 28 U.S.C. § 1915(a). This Statute is intended to provide indigent litigants with meaningful access to courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system."). Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). However, § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Moreover, while the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984). The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life. *Adkins*, 335 U.S. at 339.

According to his IFP Application, Plaintiff and his spouse have a net monthly income of $1,660 with monthly expenses totaling $1,467. (Doc. 2 at 2.) Thus, Plaintiff has a monthly surplus of nearly $200. Plaintiff's IFP application further states that he owns an unencumbered home that could presumably serve as collateral for a loan to obtain the necessary funds to the pay the filing fee. Though, ordinarily, the Court would consider Plaintiff's assets as sufficient to allow him to obtain the necessary filing fees through savings or via a loan, for "filing jurisdiction" purposes only, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2).

## II.  Frivolity Review

Under 28 U.S.C. § 1915(e), an IFP action shall be dismissed at any time if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from

---

[1] Although Congress used the word "prisoner," § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

such relief.  28 U.S.C. § 1915(e)(2)(B).   A claim is frivolous when it "has little or no chance of success," *i.e.*, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless."  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (quotations and alternations omitted).

The Eleventh Circuit has held, "in the context of an *in forma pauperis* frivolity determination under 28 U.S.C. § 1915, that '[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous.'"  *McKenzie v. U.S. Dep't of Justice, Drug Enforcement Agency*, 143 F. App'x 165, 167-68 (11th Cir. 2005) (quoting *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990)).  "To dismiss a [plaintiff's] complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that [the plaintiff] can prove no set of facts which would avoid a statute of limitations bar."  *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir.2003) (citation omitted).

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 for violations of his First Amendment rights.  "Because § 1983 does not contain a specific statute of limitations provision, courts apply the statute of limitations that governs personal-injury tort actions in the state where the claim arose."  *Gomez v. Doe*, 213 F. App'x 877, 878 (11th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) ("Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983.").  In Georgia, the applicable limitations period for personal-injury actions is two years.  O.G.C.A. § 9-3-33; *see also Lovett*, 327 F.3d at 1182 ("Georgia's statute of limitations is two years.").

Although state law dictates the appropriate statute of limitations, "[f]ederal law determines when the statute of limitations begins to run."  *Lovett*, 327 F.3d at 1182.  A § 1983 claim accrues, and the statute of limitations begins to run, "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d

1259, 1261 (11th Cir. 2003) (quotations omitted).  In other words, a cause of action under § 1983 will not accrue, and thereby set the limitations clock running, until the plaintiff knows or should know (1) that he has suffered the injury that forms the basis of his complaint and (2) who has inflicted the injury. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)

According to Plaintiff's complaint, the events giving rise to this action occurred on March 27, 2012, when Defendants Cobb and Brooks allegedly threatened to arrest Plaintiff unless he changed the wording of a sign he had in his possession.  Plaintiff did not commence this action until March 19, 2015, nearly three years after the alleged constitutional violation occurred.  Nowhere in his complaint does Plaintiff allege facts that would support tolling the limitations period.  Therefore, because Plaintiff commenced this action more than two years after the alleged violation occurred, his claims are barred by the statute of limitations.  Accordingly, Plaintiff's complaint is **DISMISSED** as frivolous.

## CONCLUSION

Based on the reasons articulated above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) is **GRANTED**, and Plaintiff's Complaint (Doc. 1) against all Defendants is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 8th day of May, 2015.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**